

# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

November 28, 2022

Mary Anne DeCarlo
2796 Valley Road
Cuyahoga Falls, Ohio 44223

RE:  Mary Ann DeCarlo v. US Renal Care, Inc.
AKRA3(42307)11182022; 22A-2023-00964

Dear Charging Party:

This letter is to notify you the Ohio Civil Rights Commission is investigating the charge of discrimination you filed. I have been assigned as the lead investigator. The Commission will notify Respondent of the charge and ask for a written response to the allegations, along with any supporting documentation.

It is also necessary that you provide sufficient evidence to support the allegations raised in the charge, including names and contact information of any witness(es) who may have DIRECT KNOWLEDGE of the facts and circumstances of the case. I will contact you when I receive a response from Respondent to further discuss the case with you.

Pursuant to section 4112.051 of the Revised Code under division (A) of section 4112.052 of the Revised Code, you are prohibited from bringing a civil action under this chapter unless one of the following applies:

> (330)  The conditions stated in division (B)(1) of section 4112.052 of the Revised Code are satisfied;
> (b) An exception specified in division (B)(2) of section 4112.052 of the Revised Code applies.

In other words, this means that before filing a civil action, you must have 1) received a **NOTICE OF SUIT RIGHTS** from the Ohio Civil Rights Commission; 2) requested a **NOTICE OF SUIT RIGHTS** but the Ohio Civil Rights Commission failed to issue a **NOTICE OF SUIT RIGHTS** and a specified amount of time has passed; 3) the Ohio Civil Rights Commission has made a Probable Cause finding and you have elected to withdraw the charge; 4) filed a civil action requesting only injunctive relief; or 5) you have received a right to sue from the Equal Employment Opportunity Commission and you have also filed with the Ohio Civil Rights Commission.

If you have any changes to your contact information, please notify me immediately. Thank you in advance for your cooperation.  Please send an email to me confirming receipt of this letter. My contact information is listed below.

FOR THE COMMISSION,
*Ta'Meka C. Brooks*
Ta'Meka C. Brooks
Civil Rights Investigator
330-643-3119 (Direct Voicemail)
tameka.brooks@civ.ohio.gov

cc:  jparker@rlbllp.com

## OHIO CIVIL RIGHTS COMMISSION

### EEOC DUAL FILING NOTICE

This charge is filed with both the Ohio Civil Rights Commission ("Commission"), an agency of the State of Ohio, and the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government.  The EEOC and the Commission cooperate to investigate charges of employment discrimination. The Commission is investigating this charge and will share case information with the EEOC.  The Commission will forward all determinations to the EEOC, which will separately notify you of any action taken.

You are hereby notified that this charge of employment discrimination was filed under the following Federal statute(s):

X  Age Discrimination Employment Act

X  Title VII of the Civil Rights Act of 1964

   Title I of the Americans with Disabilities Act

You may contact the following EEOC District Office, which serves the State of Ohio:

U. S. Equal Employment Opportunity Commission
Indianapolis District Office
State and Local Program Manager
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
1-800-669-4000

## WHAT EVIDENCE IS AND WHAT IT TAKES TO PROVE DISCRIMINATION

There are many things that happen on the job which are unkind, unpleasant, unfair or downright insulting! Sometimes these things happen because of poor management, or even because someone is mad at, or dislikes, someone else. If something like this has happened to you, it may or may not be unlawful

An employment decision made by your employer can be unfair, and not be unlawful. An employment decision can be unreasonable and not be unlawful. An employment decision can be based on false information, or false assumptions, and not be unlawful. And, employment decisions can fail to comply with a union contract, or the employer's own policies, and not be unlawful under any laws enforced by the Ohio Civil Rights Commission (OCRC).

By providing you with the information that follows, OCRC does not expect you to become an expert on proving discrimination or personally provide all the evidence needed. Nor do we claim that the information contained in this document provides an adequate basis for assessing every conceivable factual circumstance or legal interpretation. However, we do believe you should know there are certain standards of proof that must be met before it can be concluded the law was violated.

This information is presented to you so you will have some understanding of, and appreciation for the type of information that OCRC needs in order to prove that you have been discriminated against. The standards of proof the OCRC requires are those that have been established by regulation and by the courts in suits involving employment discrimination.

Because the law prohibiting discrimination against individuals because of race, sex, age, color, religion and national origin are somewhat different from the law prohibiting discrimination against qualified individuals with a disability, there are a few differences in the type of evidence required. The following discussion is broken down into two categories: One discussing the evidence requirements for race, sex, age, color, religion and national origin, and ancestry, and the other discussing evidence requirements for disability.

## RACE, SEX, AGE, COLOR, RELIGION, ANCESTRY AND NATIONAL ORIGIN

In order for an employment action to be unlawful under either Ohio Revised Code Section 4112., Title VII of the Civil Rights Act of 1964, or the Age Discrimination in Employment Act (ADEA), that action must have been taken because of your race, sex, color, religion, ancestry, or national origin for Title VII coverage, or age, age 40 or over, for ADEA coverage. In order to show something happened to you because of your race, sex, etc., it is not enough to simply say, "I am a female and a male was given the promotion; therefore, I must have been denied the promotion because of my sex, female." There must be some additional independent facts (evidence) to show your sex was a consideration in your employer's decision to deny you the promotion.

The most common way of showing the action taken against you was because of your race, sex, age, etc., is to look at how other people of a different race, sex, age, etc., were treated who work under the same rule requirements as you. If something happens to you that does not happen to a person of a different race, sex, etc., or if that person was treated more favorably than you--that may be a matter for concern - but standing alone, it is often not enough to prove discrimination. If you were disciplined and someone

of a different race, sex, etc., was not, it may be that you violated the employer's rules, and the other person did not. Difference in treatment is not unlawful if there was some legitimate, nondiscriminatory reason for that difference in treatment.

Before OCRC can conclude you were discriminated against, it would need to have proof that:

1. **You were treated differently than someone of a different race, sex, age, color, religion, ancestry, or national origin:**

   OCRC will ask what you know about the person whom you believe was treated more favorably than you. You should be able to provide the person's name, race, sex, approximate age, or other appropriate characteristics related to the legal coverage. You should know where s/he worked, who her/his supervisor was, and the job s/he did. You should also be able to tell OCRC how s/he was treated as compared to you. This is particularly true if you were on the job for quite a while. If you were on the job only briefly, or if you were simply applying for a job, you may have less information. However, the more information you have, the better

2. **Someone who is very similar to you in position, rank, or job duties, and who is of a different race, sex, etc., was treated more favorably under similar circumstances:**

   When looking at the person you believe was treated more favorably than you, OCRC will want to know whether that person worked under the same rules and regulations you did. For example, did s/he work for the same company, the same division, the same department, and the same supervisor? Did s/he perform her/his work under similar physical conditions, such as in the office, outside, in the plant? Is s/he a member of the union while you were not? Or was it the other way around? Is s/he a member of management, while you were not, or vice versa? How long had s/he been on the job as compared to you? Did s/he have more experience than you? Were you a probationary employee and s/he was not?

3. **That there was no legitimate, nondiscriminatory reason why the employer treated you differently:**

   Once you have identified the person whom you believe was treated more favorably than you, OCRC will then want to know whether there may have been some reason other than race, sex, age, color, religion, ancestry or national origin that might have caused the employer to treat this person more favorably. For example, was the person treated more favorably because s/he earned the right to be treated more favorably ~ such as having higher ratings than you, or possessing more qualifications, or having more experience on the job than you? Was the boss mad at you because of something you did not relate to you race, sex, age, etc.? What did the employer tell you was the reason the action was taken? Do you believe what the employer says? If not, why?

Evidence takes several forms. It includes your testimony, which is typically the first evidence gathered by OCRC. It also includes written materials such as evaluations, notes by your employer, letters, memoranda, and the like. You will be asked to provide any documents you may have that relate to your case. The types of evidence OCRC will be seeking may include one or more of the following:

1. **Testimony:** Testimony is simply a statement taken from someone who would be in a position to have first-hand knowledge about what happened to you. "Second hand" information is not as good as firsthand information, but it can be useful in certain circumstances. If you know of someone whom you believe has information about what happened to you, and is willing to tell OCRC about it, then you should provide OCRC with their name, contact information, a short description of what s/he will say, and the best time to contact the person.

2. **Documents:** This category includes any written records such as policies, procedures, letters, handwritten notes, files and so on. It also includes computer disks and tapes, and other types of recording. If you have any documents in your possession that would help your case, you should provide that to OCRC. If you know of any documents, such as a record of attendance, a production record, etc., which the employer has that would help your case, you should tell OCRC about that.

3. **Statistical:** In certain cases, OCRC will look at the impact a particular employment policy or decision has on others in your particular group and compare that with how the policy affects members of a different group. For example, in a layoff case, OCRC might look at the age of everyone who was laid off. Statistical proof must meet certain scientific standards to be of any value and cannot be used in all situations.

## QUALIFIED INDIVIDUALS WITH A DISABILITY

To prove an employment action taken against you was because of your disability, Item #1, and two or more of the remaining Items must be established depending upon the nature of your allegation

### 1. That you are a "Qualified Individual with a Disability":

Ohio Revised Code Section 4112. and the Americans with Disabilities Act Amendment Act of 2008 (ADAAA) are very specific about what it takes for a person to be covered by the law. To be covered, you must possess all the qualifications required for the job, and you must be able to perform the essential functions of the job, either with or without an accommodation. You must have some kind of medical condition that substantially limits one or more of your major life activities. A major life activity includes such things as seeing, hearing, breathing, walking, talking, bending, lifting, working and so on. The impairment to your major life activity must be substantial, and of significant duration. It cannot be merely slight or temporal. OCRC will ask you to provide information covering all these areas. If the impairment created by your disability is not readily apparent, OCRC will need verification from your physician as to the nature, extent, and duration of your disability. This documentation should be presented at the time you file a charge, or as soon thereafter as possible.

### 2. The employer knew about your disability:

Some disabilities are, immediately observable, and some are not. In order to take an action because of a disability, the employer must know the disability exists. Usually, the employer will know because you tell the employer, because your medical records contain information about your disability, or because you were injured on the job. You should be able to provide, or tell OCRC where to find information to establish that the employer knew about *your* disability

**3. The Employer thought you had a disability, when you did not:**

An employer may take adverse employment action against you because the employer believes you have a disability when, in fact, you do not.  This often happens in two ways.  The first is you may not have a medical condition, but the employer believes you have a medical condition that would be considered a disability Or, you may have some kind of illness or disease, but the condition does not, in fact, cause her/him to be disabled. For example, an individual might have cancer and still be able to perform her/his job. However, the employer may think that because the individual has cancer, s/he has a disability and take an employment action against her/him for that reason. The employer would usually find out about such "perceived" disabilities in the same manner as described in Item # 2 above.

In making an allegation of this nature, there would need to be some proof the employer had reason to believe you had a disability.

**4. You have a record of disability:**

An employer may take an adverse employment action against an individual because the individual was identified as being disabled at some time in the past. An employer could become aware of such a record in the same manner as described in Item #2 above, and the proof requirements would be the same.

**5.   The employer took an employment action against you because you have a disability, or a record of a disability, or the employer thought you had a disability.**

Even if the employer knew, or thought it knew, you had a disability, that is not enough to prove the employment action taken against you was for this reason. There would have to be some independent testimony or some record to establish the reason for the action. Fortunately, in disability cases, the employer is often quite open about having taken an employment action against you because of your disability. This usually occurs because there is some dispute about your ability to return to work. The evidence here will be your own testimony, the employer's testimony, testimony of your doctor, the company doctor, and informed witnesses, and any documents such as doctor's statements.

**6. The employer denied you a reasonable accommodation after you let it be known one was needed:**

An individual with a disability has an obligation to let the employer know s/he needs an accommodation and the employer has an obligation to provide the employee a "reasonable" accommodation. You may also advise your employer as to what kind of accommodation you believe would be most suitable for your condition. However, an accommodation can be considered "reasonable" even though it may not be the exact accommodation you asked for. The proof you let your employer know you needed an accommodation would be your own testimony, and any documents you might have, such as a doctor's statement. The proof the employer either did or did not make an appropriate effort to provide you with a reasonable accommodation would include your testimony, the employer's testimony, and any documents the employer may have accumulated during the process, such as written notes about conversations with you, medical examination, contacts with accommodation experts, and so on.