UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ANN DECARLO | ) | CASE NO. 5:23-CV-00041 |
| | ) | |
| *Plaintiff*, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S ANSWER AND** |
| U.S. RENAL CARE, INC., | ) | **AFFIRMATIVE DEFENSES** |
| | ) | **TO PLAINTIFF'S AMENDED** |
| *Defendant*. | ) | **COMPLAINT** |

Defendant U.S. Renal Care, Inc. ("**Defendant**"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Jury Demand [ECF No. 6] (the "**Amended Complaint**"), and states as follows:

To the extent required, Defendant denies all allegations made in the first unnumbered paragraph immediately preceding Paragraph No. 1 of the Amended Complaint.

## PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff has filed an action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and Ohio's Employment Law Uniformity Act ORC § 4112 *et seq.* (the "Act") but denies that it violated any laws. Defendant denies the remaining allegations contained within Paragraph 1 of the Amended Complaint.

2. Defendant admits that on August 26, 2019, Defendant hired Plaintiff for the position of Director, Home Therapies for the Ohio and Mid-Atlantic Region. Defendant further avers that in or around 2019, she was the Director for the Ohio, Mid-Atlantic, and Northeast Regions. Defendant avers that Plaintiff was asked to serve as Interim Regional Vice President ("IRVP") on or around June 2020. Defendant denies the remaining allegations contained within Paragraph 2 of the Amended Complaint.

3. Defendant denies the allegations contained within Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations contained within Paragraph 4 of the Amended Complaint.

5. Defendant admits that it terminated Plaintiff's employment on August 25, 2022, but denies the remaining allegations contained within Paragraph 5 of the Amended Complaint.

6. Defendant admits that Plaintiff purports to seek back pay, lost benefits, front pay in lieu of reinstatement, compensatory, liquidated, and punitive damages, reasonable attorney's fees, costs of litigation, and all other relief the Court may grant, but Defendant denies her entitlement to the same or that it violated any laws.

7. Defendant admits that Plaintiff has filed the Amended Complaint after the Court granted Plaintiff's unopposed motion requesting leave to do so. Defendant avers that counsel for Defendant conferred with counsel for Plaintiff regarding the removal of certain confidential documents attached as exhibits to the original complaint. The remaining allegations in Paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## **JURISDICTION**

8. Defendant repeats and reasserts its responses to Paragraphs 1 through 7 of the Amended Complaint as though fully set forth herein.

9. The allegations set forth in Paragraph 9 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

## VENUE

10.    Defendant repeats and reasserts its responses to Paragraphs 1 through 9 of the Amended Complaint as though fully set forth herein.

11.    The allegations set forth in Paragraph 11 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.    Defendant repeats and reasserts its responses to Paragraphs 1 through 11 of the Amended Complaint as though fully set forth herein.

13.    Defendant is without knowledge regarding the truth of the allegations set forth in Paragraph 13 of the Amended Complaint and therefore denies them.

14.    Defendant is without knowledge regarding the truth of the allegations set forth in Paragraph 14 of the Amended Complaint and therefore denies them.

15.    Defendant is without knowledge regarding when Plaintiff filed her charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and therefore denies that allegation. The remaining allegations set forth in Paragraph 15 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

16.    Defendant denies the allegations set forth in Paragraph 16 of the Amended Complaint.

## PARTIES

17.    Defendant repeats and reasserts its responses to Paragraphs 1 through 16 of the Amended Complaint as though fully set forth herein.

18.     Defendant is without knowledge regarding the truth of the allegations set forth in Paragraph 18 of the Amended Complaint and therefore denies them.

19.     Defendant avers that Plaintiff was allowed to work remotely. Defendant is without knowledge as to the truth of Plaintiff's credentials and therefore denies those allegations. Plaintiff's allegation that she is an "employee, as defined by the ADEA and ORC" constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it previously employed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Defendant avers that it is incorporated in Delaware and that its principal place of business is located in Plano, Texas. Defendant admits that in Ohio, it is registered as a foreign corporation. Defendant avers that it operates more than 400 dialysis facilities across the United States and 11 dialysis facilities in Ohio. Defendant avers that it serves approximately 26,000 patients across 32 states in more than 400 facilities providing in-center and home dialysis services. Defendant denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

## FACTS

21.     Defendant repeats and re-alleges its responses to Paragraphs 1-20 of the Amended Complaint as though set forth fully herein.

22.     Defendant avers that on August 26, 2019, it hired Plaintiff for the position of Director, Home Therapies. Defendant is without knowledge regarding Plaintiff's age and therefore denies that allegation. Defendant denies the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

4

23. Defendant denies the allegation set forth in Paragraph 23 of the Amended Complaint.

24. Defendant avers that on or around June 2020, Plaintiff was asked to work as the IRVP. Defendant avers that it hired an individual for the RVP position in September 2020. Defendant admits paying to Plaintiff a bonus of $10,000. Defendant avers that it paid to Plaintiff the $7,500 retention bonus in 2020 and 2021 pursuant to a retention agreement that included non-competition and non-solicitation provisions. Defendant denies the remaining allegations contained within Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained within paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained within paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained within paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained within paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained within paragraph 29 of the Amended Complaint.

30. Defendant denies the remaining allegations contained within Paragraph 30 of the Amended Complaint.

31. Defendant avers that on or around March 2021, Plaintiff was paid a bonus. Defendant avers that on or around October 2020, Plaintiff was also paid a $10,000 bonus for her

work as the IRVP. Defendant avers that Plaintiff was paid a retention bonus of $7,500. Defendant denies the remaining allegations contained within Paragraph 31 of the Amended Complaint.

32.     Defendant avers that in 2021, Conda Schellenger, Vice President of Home Therapies, asked Plaintiff to submit to her a Strategic Action Plan for the Ohio Region. Defendant denies the remaining allegations contained within Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations contained within Paragraph 33 of the Amended Complaint.

34.     Defendant avers that Plaintiff was issued a Performance Improvement Plan ("PIP) in or around June 2021. Defendant avers to extending Plaintiff's PIP period for 2 weeks. Defendant denies the remaining allegations contained within Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations contained within Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations contained within Paragraph 36 of the Amended Complaint.

37.     Defendant avers that on August 23, 2021, Vice President Schellenger sent correspondence to the Ohio Region providing several updates, which included Ms. Ellen Braun's appointment to Regional Director of Home Therapies for the Ohio Region. Defendant avers that Vice President Schellenger's written correspondence speaks for itself. Defendant denies the remaining allegations contained within Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations contained within Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained within Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained within Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained within Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained within Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained within Paragraph 43 of the Amended Complaint.

44. Defendant avers that in 2021, Plaintiff contacted Vice President Schellenger and Director Braun to ask about her bonus calculation. Defendant denies the remaining allegations contained within Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained within Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained within Paragraph 46 of the Amended Complaint.

47. Defendant avers that Plaintiff emailed Vice President Schellenger, Director Ellen Braun, and copied Human Resources Director Jacqueline Marsh asking for clarification regarding her bonus. Defendant denies the remaining allegations contained within Paragraph 47 of the Amended Complaint

48. Defendant avers issuing to Plaintiff a PIP in or around June 2022. Defendant denies the remaining allegations contained within Paragraph 48 of the Amended Complaint.

49. Defendant avers that in 2022, Plaintiff complained to Defendant about several of her coworkers, including Vice President Schellenger and Director Braun. Defendant avers that

7

Plaintiff's complaints were subsequently investigated. Defendant avers that HR Director Marsh notified Plaintiff that she could not investigate Plaintiff's complaint because of her personal relationship with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendant is without knowledge regarding the allegations contained within Paragraph 50 of the Amended Complaint and therefore denies the same.

51.     Defendant avers that in 2022, it investigated Plaintiff's complaints and was unable to substantiate her complaints. Defendant denies the remaining allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations contained within Paragraph 52 of the Amended Complaint.

53.     Defendant is without knowledge as to the truth of the allegations contained within Paragraph 53 of the Amended Complaint and therefore denies them.

54.     Defendant avers that on August 25, 2022, it terminated Plaintiff's employment. Defendant denies the remaining allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Defendant avers that it did not provide to Plaintiff a termination letter. Defendant denies the remaining allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegation set forth in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Defendant admits that Plaintiff purports to seek back pay, front pay, reinstatement, compensatory and punitive damages, attorney's fees, and costs of suit, but Defendant denies her entitlement to the same or that it violated any laws.

64. Defendant admits that Plaintiff seeks a jury trial but denies the existence of any triable issues in this matter.

65. Defendant is without knowledge regarding the truth of the allegation contained within Paragraph 65 of the Amended Complaint and therefore denies the same.

66. Defendant is without knowledge regarding the truth of the allegation contained within Paragraph 66 and therefore denies the same.

67. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 67 and therefore denies the same.

68. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 68 and therefore denies the same.

69. Defendant is without knowledge as to the truth of the allegations contained within Paragraph 69 and therefore denies the same.

70. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 70 and therefore denies the same.

71. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 71 and therefore denies the same.

72. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 72 and therefore denies the same.

73. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 73 and therefore denies the same.

74. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 74 and therefore denies the same.

75. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 75 and therefore denies the same.

76. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 76 and therefore denies the same.

77. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 77 and therefore denies the same.

78. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 78 and therefore denies the same.

79. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 79 and therefore denies the same.

80. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 80 and therefore denies the same.

81. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 81 and therefore denies the same.

82. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 82 and therefore denies the same.

83. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 83 and therefore denies the same.

84. Defendant is without knowledge as to the truth of the allegation contained within Paragraph 84 and therefore denies the same.

## CAUSES OF ACTION
## COUNT ONE: ALLEGED AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. § 621 *ET SEQ.*

85. Defendant repeats and re-alleges its responses to Paragraphs 1-85 of the Amended Complaint as though set forth fully herein.

86. Defendant denies the allegation contained within Paragraph 86 of the Amended Complaint.

87. Defendant denies the allegation contained within Paragraph 87 of the Amended Complaint.

88. The allegation contained within Paragraph 88 of the Amended Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employs people, and that it previously employed Plaintiff. Further answering, Defendant denies the remaining allegations contained in Paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations contained within Paragraph 89 of the Amended Complaint.

11

90. Defendant denies the allegations contained within Paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations contained within Paragraph 91 of the Amended Complaint.

92. Defendant denies the allegations contained within Paragraph 92 of the Amended Complaint.

93. Defendant denies the allegations contained within Paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations contained within Paragraph 94 of the Amended Complaint.

95. Defendant denies the allegations contained within Paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations contained within Paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations contained within Paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations contained within Paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations contained within Paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations contained within Paragraph 100 of the Amended Complaint.

101.    Defendant denies the allegations contained within Paragraph 101 of the Amended Complaint.

102.    Defendant denies the allegations contained within Paragraph 102 of the Amended Complaint.

## COUNT TWO: ALLEGED RETALIATIO UNDER THE ADEA, 29 U.S.C. § 623(D)

103.    Defendant repeats and re-alleges its previous responses to Paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104.    Defendant denies the allegations contained within Paragraph 104 of the Amended Complaint.

105.    Defendant denies the allegations contained within Paragraph 105 of the Amended Complaint.

106.    Defendant denies the allegations contained within Paragraph 106 of the Amended Complaint.

107.    Defendant denies the allegations contained within Paragraph 107 of the Amended Complaint.

108.    Defendant denies the allegations contained within Paragraph 108 of the Amended Complaint.

109.    Defendant denies the allegations contained within Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations contained within Paragraph 110 of the Amended Complaint.

111.    Defendant denies the allegations contained within Paragraph 111 of the Amended Complaint.

112.    Defendant denies the allegations contained within Paragraph 112 of the Amended Complaint.

113.    Defendant denies the allegations contained within Paragraph 113 of the Amended Complaint.

114.    Defendant denies the allegations contained within Paragraph 114 of the Amended Complaint.

115.    Defendant denies the allegations contained within Paragraph 115 of the Amended Complaint.

## COUNT THREE: – ALLEGED TITLE VII RETALIATION – RETALIATORY DISCIPLINE, RETALIATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT, AND RETALIATORY TERMINATION

116.    Defendant repeats and re-alleges its previous responses to Paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.

117.    The allegations contained within Paragraph 117 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it that it previously employed Plaintiff.  Further answering, Defendant denies the remaining allegations contained in Paragraph 117 of the Amended Complaint.

118.    Defendant denies the allegations contained within Paragraph 118 of the Amended Complaint.

119.    Defendant denies the allegations contained within Paragraph 119 of the Amended Complaint.

120.    Defendant denies the allegations contained within Paragraph 120 of the Amended Complaint.

121.    Defendant denies the allegations contained within Paragraph 121 of the Amended Complaint.

122. Defendant denies the allegations contained within Paragraph 122 of the Amended Complaint.

123. Defendant denies the allegations contained within Paragraph 123 of the Amended Complaint.

124. Defendant denies the allegations contained within Paragraph 124 of the Amended Complaint.

125. Defendant denies the allegations contained within Paragraph 125 of the Amended Complaint.

## COUNT FOUR: – ALLEGED VIOLATION OF OHIO'S FAIR EMPLOYMENT PRACTICES ACT, OHIO REV. CODE § 4112.02

126. Defendant repeats and re-alleges its previous responses to Paragraphs 1 through 126 of the Amended Complaint as if fully set forth herein.

127. The allegation contained within Paragraph 127 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

128. The allegation contained within Paragraph 128 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employs people, and that it previously employed Plaintiff. Further answering, Defendant denies the remaining allegations contained in Paragraph 128 of the Amended Complaint.

129. Defendant denies the allegations contained within Paragraph 129 of the Amended Complaint.

130. Defendant denies the allegation contained within Paragraph 130 of the Amended Complaint.

131. Defendant denies the allegations contained within Paragraph 131 of the Amended Complaint.

132. Defendant denies the allegations contained within Paragraph 132 of the Amended Complaint.

133. Defendant denies the allegations contained within Paragraph 133 of the Amended Complaint.

134. Defendant denies the allegations contained within Paragraph 134 of the Amended Complaint.

135. Defendant denies the allegations contained within Paragraph 135 of the Amended Complaint.

136. Defendant denies the allegations contained within Paragraph 136 of the Amended Complaint.

137. Defendant denies the allegations contained within Paragraph 137 of the Amended Complaint.

138. Defendant denies the allegations contained within Paragraph 138 of the Amended Complaint.

## COUNT FIVE: – ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

139. Defendant repeats and re-alleges its previous responses to Paragraphs 1 through 139 of the Amended Complaint as if fully set forth herein.

140. Defendant denies the allegations contained within Paragraph 140 of the Amended Complaint.

141. Defendant denies the allegations contained within Paragraph 141 of the Amended Complaint.

142.    Defendant denies the allegations contained within Paragraph 142 of the Amended Complaint.

143.    Defendant denies the allegations contained within Paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations contained within Paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations contained within Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations contained within Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations contained within Paragraph 147 of the Amended Complaint.

148.    Defendant denies the allegations contained within Paragraph 148 of the Amended Complaint.

149.    Defendant avers that Paragraph 149 of the Amended Complaint contains no legal or factual allegations, and therefore a response is not required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to a any back pay, front pay, reinstatement, compensatory and punitive damages, attorney's fees, and costs of suit, or that Defendant violated any laws.

## **PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief immediately following Paragraph No. 149 (a blank paragraph) of the Amended Complaint, Defendant denies that Plaintiff is entitled to any relief or damages in this action. Defendant also denies the existence of any triable issues in this matter.

## JURY DEMAND

In response to Plaintiff's Jury Demand immediately following her Prayer for Relief, Defendant denies the existence of any triable issues in this matter.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant, without conceding that it has the burden of proof subject to applicable law, asserts the following:

1.      To the extent Defendant discovers during this action that Plaintiff engaged in any conduct which would warrant or would have warranted discharge under Company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.  *See McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352 (1995).

2.      Any amount that Plaintiff claims is due and owing to her for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and value of benefits that Plaintiff earned after ceasing to work for Defendant (including unemployment compensation benefits and other Pandemic related payments and benefits).

3.      Plaintiff failed to mitigate her damages because Plaintiff did not make reasonably diligent efforts to obtain substantially equivalent employment as to the position she held with the defendant and similar positions were available.

4.      To the extent Plaintiff's claims differ from her Charge of Discrimination, or claims were prematurely brought, such claims are barred because Plaintiff failed to exhaust her administrative remedies.

18

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Upon information and belief, all or part of Plaintiff's alleged mental anguish, personal suffering, loss of enjoyment of life, and other non-monetary losses, was the result of other personal experiences unrelated to the facts and circumstances set forth in the Amended Complaint.

7. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

9. Any actions taken by Defendant with respect to Plaintiff were for lawful and/or legitimate reasons, and therefore Defendant is relieved from any liability or obligation to Plaintiff arising from such actions.

10. Defendant denies that Plaintiff was subjected to any discriminatory employment practice or adverse action, but states that if any such practice or action is found, the same employment decisions regarding Plaintiff would have been made in the absence of any discriminatory motive.

11. Plaintiff's claims are barred by the doctrines of laches, estoppel, consent, waiver, and/or unclean hands.

12. Any damages recovered by Plaintiff must be offset by any compensation that she has received or could have received with reasonable diligence from the period for which she is seeking damages.

13. Plaintiff's alleged damages are subject to offset or reduction by facts showing her own misconduct prior to Plaintiff's employment termination date, pursuant to the after-acquired evidence doctrine.

19

14.    Plaintiff's claims for alleged non-economic damages are limited under R.C. § 2315.18.

15.    Plaintiff's claims for alleged punitive damages are barred and/or limited by the due process and equal protection clauses of the Constitution of the United States and by the analogous provisions of the Ohio Constitution.

16.    Plaintiff has failed to state a legally sufficient basis for the award of punitive damages and/or attorneys' fees and costs.

17.    Plaintiff's claims for alleged punitive damages are limited under R.C. § 2315.21.

18.    Trial on Plaintiff's claims should be bifurcated in accordance with R.C. § 2315.21.

19.    Any damages recovered by Plaintiff must be offset and/or reduced by any benefits she has received from any collateral source, pursuant to R.C. § 2315.20.

20.    To the extent Plaintiff would be entitled to punitive damages relating to her claims, Plaintiff's claims for punitive damages are barred and/or limited by Defendants' good faith efforts to comply with applicable federal and state employment laws and regulation.

21.    Plaintiff's claims in whole or in part are barred because Defendant was not the proximate cause of Plaintiff's alleged injuries, if any, and did not breach an alleged duty owed to Plaintiff, if any.

22.    Plaintiff's claims are barred under the "same-actor" defense and/or inference because the same actor is both responsible for favorable and alleged unfavorable treatment towards Plaintiff, and Plaintiff is unable to refute the strong inference that there was no discriminatory motive for the actions about which Plaintiff complains.

## RESERVATION

Defendant reserves the right to raise additional affirmative and other defenses to the Complaint as discovery may reveal additional information.

WHEREFORE, having fully answered the Amended Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiff; (ii) award Defendant the cost of suit herein; (iii) award Defendant reasonable attorneys' fees, as may be determined by the Court; and (iv) grant such further relief as the Court deems just and proper.

Dated: April 26, 2023

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Roland J. De Monte*
Roland J. De Monte (0081129)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, OH  44131
(216) 750-0404
(216) 750-0826 (Fax)
Roland.DeMonte@JacksonLewis.com

*Attorney for Defendant*
*U.S. Renal Care, Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2023, a true and accurate copy of the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint* was sent via the Court's ECF system to the following counsel of record:

> Jamie V. Parker, Esq.
> Attorney Reg.: 0098317
> E-mail:  *jparker@rlbllp.com*
> **RODERICK LINTON BELFANCE, LLP**
> 50 South Main Street
> 10th Floor
> Akron, Ohio 44308-1849
> Telephone: (330) 434-3000
> Fax: (330) 434-9220

*/s/ Roland J. De Monte*
Roland J. De Monte (0081129)

*Attorney for Defendant*

4883-3824-7764, v. 2

22