UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ANN DECARLO | ) | CASE NO. 5:23-CV-00041 |
| | ) | |
| *Plaintiff,* | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. RENAL CARE, INC., | ) | **DEFENDANT'S MEMORANDUM IN** |
| | ) | **SUPPORT OF ITS MOTION FOR** |
| *Defendant.* | ) | **PARTIAL JUDGMENT ON THE** |
| | ) | **PLEADINGS** |
| | ) | |

Plaintiff Mary Ann DeCarlo claims that Defendant U.S. Renal Care, Inc.'s termination of her employment violated the ADEA, Title VII, and Ohio law prohibitions against discrimination and retaliation in the workplace. She has also made a claim of negligent infliction of emotional distress. Without conceding the merits of any of her allegations, the Court should dismiss her negligent infliction of emotional distress claim as well as any claim related to any acts predating November 25, 2021 because: (1) Plaintiff failed to file an administrative Charge of Discrimination within the 300-day limitations period under the ADEA for acts that occurred prior to November 25, 2021; and, (2) Plaintiff cannot maintain a claim for negligent infliction of emotional distress in the employment context under Ohio common law.

In her First Amended Complaint, Plaintiff claims that she filed a Charge of Discrimination with the EEOC against Defendant on or about September 21, 2022. (Am. Compl. ¶5). Given the date of her filing, the 300-day limitation period bars any claim related to acts that occurred prior to November 25, 2021. Yet, in her lawsuit, Plaintiff claims, among others, that Defendant demoted her on August 23, 2021 for discriminatory reasons. Because Plaintiff failed to challenge her demotion within the 300-day limitations period under the ADEA and Title VII, she failed to exhaust her administrative remedies related to her demotion and is time barred from litigating it

here. Therefore, the Court should dismiss any aspect of Plaintiff's ADEA and Title VII claims stemming from any act predating the 300-day limitations period, including the allegedly discriminatory August 23, 2021 demotion.

Plaintiff also asserts a claim against Defendant for negligent infliction of emotional distress. Ohio courts have consistently held that a claim of negligent infliction of emotional distress is unavailable in the employment context. The Court should likewise dismiss Plaintiff's state-law claim for negligent infliction of emotional distress as it is not valid here.

## **ARGUMENT**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court applies the same standard as it would under Rule 12(b)(6).  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Under Rule 12(b)(6), a court must dismiss a claim where the non-moving party "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, all well-pleaded material allegations of the non-moving party must be taken as true, and the motion will be granted if the moving party is nevertheless entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Yet the Court need not accept as true unsupported legal conclusions or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). Therefore, a complaint that fails to allege a legally cognizable claim or that fails to offer sufficient factual basis to show entitlement to relief "must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

i.      *Plaintiff's ADEA and Title VII Claims Related to Her Demotion.*

To proceed on her employment discrimination claims under the ADEA and Title VII, Plaintiff must have timely exhausted her administrative remedies with an appropriate agency. *Townsend v. Rockwell Automation, Inc.,* 852 F. App'x 1011, 1013 (6th Cir. 2021); 42 U.S.C.S. §

2000e-5. Under Title VII, to be timely, a charging party must file charge of discrimination within 300 days of an alleged act of discrimination. *Id*. Likewise, under the ADEA, a charging party must bring a Charge of Discrimination within 300 days of an alleged discriminatory act. *Joishy v. Cleveland Clinic Found*., 3 F. App'x 259, 261 (6th Cir. 2001)(Referring to the Title VII limitations period "[t]his same limitations period applies to charges under the ADEA."); 29 U.S.C. 626(d)(1)(B). "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred." *AMTRAK v. Morgan*, 536 U.S. 101, 104 (2002). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. at 113-114.

Because Plaintiff filed her EEOC charge on September 21, 2022, any alleged acts that pre-date November 25, 2021 are time-barred, including her alleged demotion of August 23, 2021. The Court, therefore, must dismiss any claim related to Plaintiff's demotion.

### ii. *Plaintiff's Negligent Infliction of Emotional Distress Claim.*

The Supreme Court of Ohio has held that "recovery for negligent infliction of severe emotional distress has typically been limited to instances where the plaintiff has either witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril." *Meek v. Solze*, 6th Dist. Ottawa No. OT-05-055, 2006-Ohio-6633, ¶ 17 (Ct. App.); citing *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 163, 677 N.E.2d 308 (1997). Indeed, the Tenth District Court of Appeals has repeatedly refused to recognize the separate tort of negligent infliction of emotional distress in the employment context. *Moore v. Impact Cmty. Action*, 10th Franklin No. 12AP-1030, 2013-Ohio-3215, ¶ 12 (Ct. App.); *Peitsmeyer v. Jackson Twp. Bd. of Trustees*, 10th Dist. Franklin No. 02AP-1174, 2003 Ohio 4302, n. 3.

Plaintiff does not claim that she witnessed or experienced a dangerous accident or was placed in physical peril by Defendant. Rather, Plaintiff claims Defendant negligently inflicted emotional distress on her by subjecting her to employment discrimination, retaliation, and an alleged hostile work environment. Because Ohio law does not recognize negligent infliction of emotional distress in the employment context, the Court should dismiss this claim as well.

## CONCLUSION

The Court should dismiss Plaintiff's ADEA and Title VII claims that depend on any events predating the limitations period including her alleged August 23, 2021 demotion as time-barred. The Court should likewise dismiss Plaintiff's negligent infliction of emotional distress claim as it is not recognized in the employment context in Ohio. The Court should award any additional relief to Defendant as it deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Patrick O. Peters*
Patrick O. Peters (0079539)
Jacob S. Kinder (0101475)
Park Center Plaza I, Ste. 400
6100 Oak Tree Boulevard
Cleveland, OH  44131
Phone: (216) 750-0404; Fax: (216) 750-0826
Email: Patrick.Peters@jacksonlewis.com
        Jacob.Kinder@jacksonlewis.com

Brandon U. Campbell (FL Bar #112853)
(Admitted Pro Hac Vice)
One Biscayne Tower Two
South Biscayne Blvd., Ste. 3500
Miami, FL  33131
(305) 577-7600; (305) 373-4466 (Fax)
Email: brandon.campbell@jacksonlewis.com

*Counsel for Defendant,*
*U.S. Renal Care, Inc.*

4854-8751-9858, v. 1