**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARY ANN DECARLO, | ) CASE NO. 5:23-CV-00041 |
| | ) |
| | ) JUDGE SARA LIOI |
| Plaintiff, | ) |
| v. | ) |
| | ) **PLAINTIFF'S MEMORANDUM** |
| U.S. RENAL CARE, INC., | ) **IN OPPOSITION TO DEFENDANT'S** |
| | ) **MOTION FOR PARTIAL** |
| | ) **JUDGMENT ON THE PLEADINGS** |
| | ) |
| Defendant. | ) |

Now comes Plaintiff, Mary Ann DeCarlo, by and through undersigned counsel, Jamie V. Parker, and Roderick Linton Belfance LLP, and responds in opposition to Defendant's Motion for Partial Judgment on the Pleadings.[1] The facts presented in Plaintiff's First Amended Complaint underscore the gravity of the allegations against the Defendant. This Court, under Rule 12(c), must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of Mrs. DeCarlo. Defendant improperly seeks this Honorable Court's dismissal of Plaintiff's claims related to Defendant's acts predating November 25, 2021, as well as her pendant claim for negligent infliction of emotional distress. For the reasons that follow in her Memorandum of Law, Plaintiff's claims are timely made and not subject to dismissal, and her pendant claim for

---

[1] While Defendant terms its motion as under F. R. Civ. P. 12(c), it quickly abandons that tack, as its memorandum cites to and relies upon authority relating instead to F. R. Civ. P. 12(b)(6). Under either rule's conventions and authorities, however, Defendant's motion fails.

negligent infliction of emotional distress is both valid under Ohio law and fully supported by Plaintiff's complaint.

**MEMORANDUM OF LAW**

**I. Introduction.**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Thus, while a motion for judgment on the pleadings is generally made under Rule 12(b)(6), a Rule 12(c) motion challenges only the legal sufficiency of the opposing party's pleadings. In either case, both types of motions ask this Court to look at the pleadings to determine whether Plaintiff has a legally cognizable claim. Should the Court consider matters outside the pleadings, on its own or through the arguments made by Defendant's motion, it must convert the motion to one for summary judgment and provide a reasonable opportunity to present all material made pertinent to such a motion under Rule 56. The standard to be met in deciding a Rule 12(c) motion is also the same as on a motion under Rule 12(b)(6) in that the party against whom the relief is sought must be given the benefit of every inference and doubt.

There are, however, key differences between a Rule 12(b)(6) and a Rule 12(c) motion – and the latter is the only one pending before this Court by way of Defendant's Motion for Partial Judgment. While a Rule 12(b)(6) motion is typically brought before filing an answer, a 12(c) motion can be made only after the pleadings are closed. For

example, when the basis for adjudication of a claim is based on one or more of the affirmative defenses raised by Defendant, then proper consideration is by a converted motion for summary judgment, with everything attendant to that consideration. *Mosely v. Bd. of Educ. of the City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). However, in light of the paucity of Defendant's Rule 12(c) motion, and its apt disposition by this Court's requested denial, that path is not made available by Defendant's present motion.

**II. Plaintiff's ADEA and Title VII Claims Related to Her Demotion Are Timely.**

Defendant argues that Plaintiff's claims related to Defendant's acts predating November 25, 2021, are time-barred under the ADEA and Title VII 300-day limitation period. However, this argument fails for two distinct reasons: (A) a charge can be verified outside the filing period and still be considered timely due to the relation-back doctrine and codified laws, and (B) the law recognizes the distinction between discrete acts and continuous hostile work environment claims.

Mrs. DeCarlo's charge with the EEOC was timely filed and her initial inquiry was made on or before three hundred expired from the first instance of the Defendant's adverse employment actions against the Plaintiff.. The subsequent perfected charge in September would relate back to the date of Mrs. DeCarlo's initial inquiry in June, as per 29 C.F.R. § 1601.12(b). Therefore, because her initial inquiry was made within the three-hundred-day window from the date of the first instance of discrimination, her charge is in compliance with 42 U.S.C.S. §2000e-5 (e)(1).

3

**A. A Charge Can Be Verified Outside the Filing Period and Still Be Considered Timely Due to The Relation-Back Rule and Codified Laws. [2] [3]**

The Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act both have a provision that requires a charge to be filed within 300 days after the alleged unlawful employment practice occurred. Defendant's argument that Plaintiff failed to meet the 300-day requirement for filing a charge with the Equal Employment Opportunity Commission (EEOC) is without merit. The Sixth Circuit has set forth the parameters for the exhaustion of a Title VII claim that an employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e-5(e)(1) and the charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). *Thomas v. Wal-Mart, Inc.*, No. 1: 20 CV 377, 2020 U.S. Dist. LEXIS 72251, at 3-4 (N.D. Ohio Apr. 24, 2020)

Mrs. DeCarlo began the first step in the online process of filing a charge with the EEOC by submitting an inquiry in June 2022 (Plaintiff's First Amended Complaint,

---

[2] 29 C.F.R. § 1601.12(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred. [42 FR 55388, Oct. 14, 1977, as amended at 85 FR 65217, Oct. 15, 2020]

[3] 42 U.S.C.S. § 2000e-5 (e)(1) A charge under this section shall be filed within […] three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Paragraph 50). This inquiry provided the EEOC with the information to identify herself, USRC as her employer, descriptions of the conditions and actions perpetrated against her by her boss at USRC, and USRC's human resource office refusing to assist her. Mrs. DeCarlo was required to submit detailed information for an investigator to evaluate her complaint and to determine if the EEOC could assist her. The online inquiry prompted her to schedule an appointment with an EEOC investigator. The EEOC's first available appointment was in September 2022. Mrs. DeCarlo immediately scheduled the appointment. The EEOC's delay was due to the agency's availability. As to the information Mrs. DeCarlo presented in her inquiry, that information was used for the EEOC to create the perfected charge on September 21, 2022, after Mrs. DeCarlo's interview with the EEOC investigator.

As previously discussed, Mrs. DeCarlo's initial inquiry in June 2022 can be considered as a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Therefore, the original date of the inquiry in June can be considered as the date when the charge was first received. In addition, the Title VII statute requires that the charge be filed within three hundred days of the alleged unlawful employment practice. 42 U.S.C.S. § 2000e-5 (e)(1) Given that the first instance of unlawful discrimination occurred on August 21, 2021, it falls within the 300-day limitation period. Therefore, any claims related to acts that occurred on or after January 29, 2021, would not be time-barred.

Defendant's argument that Plaintiff's charge was untimely is contrary to the Fifth Circuit's decision in *Equal Emp't Opportunity Comm'n v. Vantage Energy Servs.*, 954 F.3d

749 (5th Cir. 2020). In that case, the Court held that an intake questionnaire submitted to the EEOC could be considered a charge if it could "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 753-54 relying on *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S. Ct. 1147, 1158, 170 L.Ed.2d 10 (2008).

Here, Mrs. DeCarlo's online inquiry can be reasonably construed as a request for the EEOC to take remedial action. The inquiry provided the EEOC with basic information about her complaint, and it was submitted within the 300-day filing period. The fact that the EEOC's own delayed scheduling resulted in the formal charge being filed outside the 300-day window does not render the charge untimely.

The Court in *Vantage Energy Services* also held that a charge could be verified outside the filing period and still be considered timely due to the relation-back doctrine. *Id.* at 756. In the present case, Mrs. DeCarlo's charge was verified when it was merged into a single charge by the EEOC on September 21, 2022, after her interview with the EEOC investigator, and consistent with the facts of *Vantage, supra,* Defendant has neither asserted nor demonstrated any prejudice stemming from the EEOC's delayed verification. See *Vantage Energy Services*, *supra, at* 756, fn.8.

As the *Vantage* Court noted, "the Court made clear in *Edelman* [*v. Lynchburg College*, 535 U.S. 106, 113, 118, 122 S. Ct. 1145, 1149, 1152, 152 L.Ed.2d 188 (2002)] that verification of a charge (and, by extension, an intake questionnaire that qualifies as a charge) can occur outside the filing period because the object of the verification

requirement—to 'protect[ ] employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury'—is not disturbed so long as the employee verifies the claim 'by the time the employer is obliged to respond to the charge.' *Id*. *Edelman* reached this result by affirming the EEOC's regulation that permits 'technical' defects in charges to be amended and 'relate back' to the original date of filing. *Id.* at 114, 122 S. Ct. 1145 ; *see* 29 C.F.R. § 1601.12(b) ('A charge may be amended to cure technical defects or omissions, including failure to verify the charge .... Such amendments ... will relate back to the date the charge was first received.'). Such relation-back has been applied to the regulations' verification and signature requirements. *See Melgar [v. T.B. Butler Publ'g Co.*, 931 F.3d 375 (5th Cir. 2019)] , 931 F.3d at 380 n.4 (noting that failure to sign an intake questionnaire 'is not fatal in that the regulations allow technical defects to be cured by filing an amended charge, and the amended charge would relate back to the date the charge was first received' (citing 29 C.F.R. § 1601.12(b) )." *Vantage, supra,* at 755-56. *See, also, Williams v. Ill. Dep't of Human Servs.,* 21 C 112 (N.D. Ill. Jun. 6, 2022).

For these reasons, Mrs. DeCarlo respectfully requests that the Court deny Defendant's Motion for Partial Judgment. She has met all necessary requirements for filing a charge with the EEOC, properly exhausted her administrative remedies, and properly acted, through the discrete actions of the EEOC, to preserve the full of her claims.

7

**B. The Law Recognizes the Distinction Between Discrete Acts and Hostile Work Environment Claims**

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the United States Supreme Court held that each discriminatory act constitutes a separate actionable unlawful employment practice. However, the Supreme Court also recognized that hostile work environment claims are different in kind from discrete acts. A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice [,]" and the unlawful employment practice "cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id*. at 115.

Plaintiff's First Amended Complaint alleges a hostile work environment that includes her demotion on August 23, 2021. This demotion is plead in Plaintiff's First Amended Complaint as part of an ongoing series of discriminatory acts, not as a separate, discrete act. Therefore, Plaintiff's claims related to her demotion and other acts predating November 25, 2021, are not time-barred. Pursuant to *National Railroad Passenger Corp. v. Morgan*, *supra,* they are part of the same unlawful employment practice in which Defendant engaged, fully encapsulated by and incorporated into Plaintiff's claims, and thus fully within the limitations period. Accordingly, Defendant's Motion for Partial Judgment likewise fails.

**III. Plaintiff's Negligent Infliction of Emotional Distress Claim Is Valid Under Ohio Law.**

8

Defendant argues that Ohio law does not recognize a claim for negligent infliction of emotional distress in the employment context. However, this is a patent misinterpretation of Ohio law. While Ohio courts have generally limited recovery for negligent infliction of emotional distress to instances where a plaintiff has either witnessed or experienced a dangerous accident or was subjected to an actual physical peril, this does not serve to categorically exclude claims in the employment context.

Rather, Ohio courts have recognized that a claim for negligent infliction of emotional distress may be available in the employment context where the employer's conduct is so outrageous and extreme that it goes beyond all possible bounds of decency and can be considered atrocious and utterly intolerable in a civilized community. *See Ashcroft v. Mt. Sinai Med. Ctr.*, 68 Ohio App.3d 359, 588 N.E.2d 280 (1990), *viz., Harmon v. Honeywell Intelligrated*, 1:19-cv-670 (S.D. Ohio Jun. 10, 2021), citing *Pizzimenti v. Oldcastle Glass Inc.*, 666 F. Supp. 2d 839 (N.D. Ohio 2009).

In the present case, Plaintiff's First Amended Complaint alleges that Defendant's conduct was so outrageous and extreme that it caused her severe emotional distress. As Defendant's Motion for Partial Judgment under Fed. R. Civ. P. 12(c) challenges only the bare allegations set forth in Plaintiff's First Amended Complaint, and as Defendant has offered to the Court nothing more than its mere conjectures regarding Plaintiff's claims, Defendant's motion must fail. Therefore, Plaintiff's claim for negligent infliction of emotional distress is valid under Ohio law and is not subject to dismissal under the broad brush of Defendant's 12(c) motion.

## **CONCLUSION**

The facts presented in Plaintiff's First Amended Complaint underscore the gravity of the allegations against the Defendant. Under the standard set by Rule 12(c), this Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of Mrs. DeCarlo. The precedent, both binding and persuasive, supports the Plaintiff's position that her claims are timely and that her pendant claim for negligent infliction of emotional distress is recognized under Ohio law. The EEOC's role and the significance of their delays further bolster the Plaintiff's position. Given the weight of the evidence and the law, Defendant's Motion for Partial Judgment should be denied. Plaintiff respectfully requests that this Honorable Court enter its order in her favor, allowing her to proceed with her claims and seek the justice she deserves.

RESPECTFULLY SUBMITTED,

/S/ *Jamie V. Parker, Esq.*

JAMIE V. PARKER ESQ.
RODERICK LINTON BELFANCE, LLP
50 South Main Street, 10th Floor
Akron, Ohio 44308-1849
Tele:  (330) 434-3000
Fax:  (330) 434-9220
Email: jparker@rlbllp.com
Attorney Reg 0098317

Attorney for Plaintiff

## CERTIFICATE OF LENGTH

Pursuant to Local Rule 7.1(f) the undersigned counsel certifies that this case is assigned to the standard case track and that this memorandum relating to a dispositive motion does not exceed twenty (20) pages and adheres to the page limitations set forth in this section.

/S/ Jamie V. Parker, Esq.
JAMIE V. PARKER ESQ.
RODERICK, LINTON, BELFANCE, LLP
50 South Main Street, 10th Floor
Akron, Ohio 44308-1849
Tele:  (330) 434-3000
Fax:  (330) 434-9220
Email: jparker@rlbllp.com
Attorney Reg 0098317

Attorney for Plaintiff

11