UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ANN DECARLO | ) | CASE NO. 5:23-CV-00041 |
| | ) | |
| *Plaintiff*, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. RENAL CARE, INC., | ) | **REPLY IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION FOR** |
| *Defendant*. | ) | **PARTIAL JUDGMENT ON THE** |
| | ) | **PLEADINGS** |

Defendant U.S. Renal Care, Inc. ("USRC") submits this Reply Memorandum in Support of its Motion for Partial Judgment on the Pleadings. For the other reasons stated below, the Court should grant Defendant's Motion and dismiss these claims, with prejudice.

## I.  INTRODUCTION

In Plaintiff's Memorandum in Opposition to USRC's Motion, Plaintiff often cites incorrect standards in her attempt to counter Defendant's arguments while primarily relying on non-controlling or irrelevant authority. When Plaintiff does cite controlling authority, closer examination of the cited opinions reveals that they support dismissal of the subject claims.

## II.  ANALYSIS AND ARGUEMENT

### A.  Plaintiff's Negligent Infliction of Emotional Distress Claim

Plaintiff addresses none of the authority Defendant cited in support of its Motion. Rather, Plaintiff cites three cases which supposedly recognize the legitimacy of negligent infliction of emotional distress ("NIED") claims in the employment context. Plaintiff asserts that the proper standard for enforceable NIED claims include incidences where the "employer's conduct is so outrageous and extreme that it goes beyond all possible bounds of decency and can be considered atrocious and utterly intolerable in a civilized community." This is a misapplication of the cited

authority. In *Ashcroft v. Mt. Sinai Medical Ctr.*, the court discussed the plaintiff's claims of both *intentional* and *negligent* infliction of emotional distress alleged against the defendant employer. *Ashcroft v. Mt. Sinai Medical Ctr.*, 8th Dist. Cuyahoga, 68 Ohio App. 3d 359, 366 (Dec. 10, 1990). The "outrageous and extreme" standard from *Ashcroft* is a reference to one of the four elements of a claim for *intentional* infliction of emotional distress, not a claim for *negligent* infliction of emotional distress. *Id*. Further, the *Ashcroft* court did not discuss the validity of negligent infliction of emotional distress claims under Ohio law, but merely found that plaintiff's claim of NIED was unsupported by the record. *Id*. Plaintiff's citations to *Pizzimenti v. Oldcastle Glass Inc.* and *Harmon v. Honeywell Intelligrated* suffer the same issue as both decisions addressed claims of *intentional* infliction of emotional distress, not *negligent* infliction of emotional distress. *Pizzimenti v. Oldcastle Glass, Inc.*, 666 F. Supp. 2d 839, 848 (N.D. Ohio Oct. 27, 2009); *Harmon v. Honeywell Intelligrated*, 2020 U.S. Dist. LEXIS 255756, *46 (S.D. Ohio Sept. 11, 2020).

Not only is Plaintiff trying to apply the incorrect standard to her NIED claim, but Plaintiff completely addresses none of the authority cited by Defendant in its Memorandum in Support of its Motion. Simply, Ohio courts have explicitly refused to recognize negligent infliction of emotional distress claims in the employment context and Plaintiff cannot present any authority to the contrary, and so the Court should dismiss this claim.

### B. Plaintiff's ADEA and Title VII Claims Related to Her Demotion.

In her First Amended Complaint, Plaintiff alleges that a demotion she received on August 23, 2021, was discriminatory under the ADEA and Title VII. Yet Plaintiff failed to file a charge with the Equal Employment Opportunity Commission until September 21, 2022, which is outside the mandatory 300-day limitations period applicable under both federal laws. *See Joishy v. Cleveland Clinic Found.*, 3 F. App'x 259, 261 (6th Cir. 2001) (Referring to the Title VII limitations

period "[t]his same limitations period applies to charges under the ADEA."); 29 U.S.C. 626(d)(1)(B). Plaintiff's Memorandum asserts two arguments for why her failure to file a charge with the EEOC within the mandatory 300-day limitation period should be permissible: 1). Plaintiff initially submitted an inquiry with the EEOC in June 2022 and her subsequent charge filing in September 2022 relates back to this inquiry to satisfy the limitations period; and 2) the alleged demotion experienced by the Plaintiff is part of her hostile work environment claim and therefore should not be treated as a discrete act under the limitations period.

Plaintiff's first excuse for failing to file her discrimination charge within the mandatory 300-day limitations period is that Plaintiff submitted an "inquiry" with the EEOC in June 2022 and this inquiry, Plaintiff argues, was essentially a charge of discrimination as it satisfied the definition of "charge" provided in 29 C.F.R. § 1601.12(b). To support this claim, Plaintiff cites the Fifth Circuit case of *EEOC v. Vantage Energy Servs. Inc.*, in which the court held that an employee met the 300-day limitations requirement by filing a questionnaire with the EEOC, as there was sufficient information provided through the questionnaire to meet the definition of a charge under Section 1601.12. *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 754 (5th Cir. Apr. 3, 2020). Plaintiff is attempting to extend the Fifth Circuit's position on intake questionnaires to inquiries filed with the EEOC, however, this expansion of the regulatory definition of a "charge" conflicts with Sixth Circuit precedent. In a recent Sixth Circuit decision, the court upheld a district court opinion which explicitly found that a pre-charge inquiry does not constitute a "charge" to satisfy the 300-day limitations period. *Kindred v. Light*, 2023 U.S. App. LEXIS 4798 (6th Cir. Feb. 27, 2023). The court held that a "pre-charge inquiry form does not constitute a charge because it does not satisfy *Holowecki's* requirement that it objectively demonstrates that she asked the EEOC to take remedial action." *Id.* at *15. The court further noted that each page of the EEOC's

3

pre-charge inquiry form contains the statement "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION" *Id*. Plaintiff's interpretation of 29 C.F.R. § 1601.12 conflicts with Sixth Circuit precedent and cannot be used to justify her failure to timely file her discrimination charge.

Plaintiff's second explanation for failing to timely file her discrimination charge as it relates to her allegedly discriminatory demotion is because said demotion was part of an ongoing series of acts that constitute a broader hostile work environment claim. Plaintiff cites the Supreme Court decision of *Nat'l Railroad Passenger Corp. v. Morgan*[1] to support her position. Yet Plaintiff's interpretation of *Morgan* improperly conflates the Court's distinction between "discrete acts" and actions comprising a hostile work environment claim. The Court describes "discrete acts" as "easy to identify" and it adds that each "discrete act" could constitute a separate "unlawful employment action." *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002). The Court provides examples of discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire. *Id*. The Court distinguishes "discrete acts" from "hostile environment claims" by stating "it [hostile work environment claim] occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id*. at 115. Under Title VII, a discriminatory demotion is easily identifiable and could be actionable on its own without subsequent actions by the employer.  *Bannister v. Knox Cnty. Bd. of Educ*., 49 F.4th 1000, 1015 (6th Cir. Sep. 21, 2022) (The Court described a "demotion" as a "tangible employment injury," distinguishing it from employment actions that make up a hostile work environment claims, which do not on their own violate Title VII).

---

[1] Also titled *AMTRAK v. Morgan* in the United States Supreme Court Reporter.

4

In a recent decision, the Sixth Circuit explained that it had yet to extend the "continuing-violation doctrine" from *Morgan*, and again refused to do so. *Id*. Further, the court cited *Morgan* in holding that "[i]n the Title VII context, the Supreme Court has made clear that the doctrine cannot render timely a discrete act of discrimination (such as a termination) that is cognizable apart from any hostile work environment." *Id*. at 1015-1016. The Supreme Court and the Sixth Circuit have held consistently that discrete acts, such as demotions, are separate and distinct from the employment actions that encompass a "hostile work environment" claim, thus Plaintiff cannot use the continuing violation theory from *Morgan* to save her untimely charge filing. The Court should dismiss any claims resulting from discrete actions that occurred outside the limitations period, including the allegedly discriminatory demotion.

<u>**CONCLUSION**</u>

The Court should dismiss Plaintiff's negligent infliction of emotional distress claim as it is not recognized in the employment context in Ohio. The Court should likewise dismiss Plaintiff's ADEA and Title VII claims that depend on any events predating the limitations period including her alleged August 23, 2021 demotion as time-barred. The Court should award any other relief to Defendant as it deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Patrick O. Peters*
Patrick O. Peters (0079539)
Jacob S. Kinder (0101475)
Park Center Plaza I, Ste. 400
6100 Oak Tree Boulevard
Cleveland, OH  44131
Phone: (216) 750-0404; Fax: (216) 750-0826
Email: Patrick.Peters@jacksonlewis.com
   Jacob.Kinder@jacksonlewis.com

Brandon U. Campbell (FL Bar #112853)
(Admitted Pro Hac Vice)
One Biscayne Tower Two
South Biscayne Blvd., Ste. 3500
Miami, FL  33131
(305) 577-7600; (305) 373-4466 (Fax)
Email: brandon.campbell@jacksonlewis.com

*Counsel for Defendant,*
*U.S. Renal Care, Inc.*

4863-3885-1449, v. 2

6