UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ANN DECARLO, | ) | CASE NO. 5:23-cv-41 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| U.S. RENAL CARE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion for partial judgment on the pleadings filed by defendant U.S. Renal Care, Inc. ("USRC") (Doc. No. 19 (Motion)), plaintiff Mary Ann DeCarlo's ("DeCarlo") memorandum in opposition (Doc. No. 20 (Opposition)), and USRC's reply. (Doc. No. 22 (Reply).) For the reasons set forth herein, the motion is granted.

**I.   Background**

USRC hired DeCarlo on August 26, 2019, as a Regional Director of Ohio and Mid-Atlantic Home Therapies. (Doc. No. 6 (First Amended Complaint) ¶ 2.)[1] According to the amended complaint, DeCarlo "had one of the most productive and growing regions." Notwithstanding this success, DeCarlo alleges that USRC "began to subject her to discrimination and retaliation for various unlawful, unwarranted, and/or unmerited reasons, including but not limited to the fact that she is a fifty-seven (57) year old woman." (*Id.*) On August 23, 2021, USRC demoted DeCarlo. (*Id.* ¶ 3).

---

[1] Because USRC's motion challenges the sufficiency of the allegations contained in the amended complaint, the Court shall rely on this pleading, in addition to undisputed material facts, to supply the factual background for the case. All disputed facts are presented in a light most favorable to DeCarlo.

After DeCarlo's demotion, USRC allegedly "withheld nearly all of [her] bonus pay for 2021 based on pretextual 'management discretion.'" (*Id.* ¶ 4). Further, when she requested that human resources intervene, she claims USRC retaliated by "compelling [her] to choose between a second unwarranted demotion or a performance improvement plan." (*Id.*) In August 2022, DeCarlo alleges that USRC refused to put findings in writing regarding DeCarlo's reports of disparate treatment and then, on August 25, summarily fired her and assigned her work to a much younger employee. (*Id.* ¶ 5).

In June 2022, while DeCarlo was still employed by USRC, she submitted an inquiry with the Equal Employment Opportunity Commission (EEOC), in which she provided "basic information" on the discrimination she had experienced. (*Id.* ¶ 50). On September 21, 2022, DeCarlo filed charges of discrimination and retaliation with the EEOC. (*Id.* ¶ 13.) On January 9, 2023, she began the instant proceedings by filing a complaint (Doc. No. 1 (Complaint).) DeCarlo then filed an amended complaint on April 3, 2023 (Doc. No. 6), to which USRC filed an answer on April 26, 2023. (Doc. No. 9). In her amended complaint, DeCarlo alleges that USRC discriminated against her because of her age and retaliated against her for complaining that she was a victim of discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* as applied by 29 U.S.C. §§ 12201 *et seq.*, and Ohio's Employment Law Uniformity Act ("Act"), Ohio Rev. Code § 4112 *et seq.* (Doc. No. 6 ¶ 1.) She also brings a common law claim for negligent infliction of emotional distress. (*Id.* ¶¶ 139–48.) In connection with this last claim, DeCarlo seeks "compensatory damages for [] emotional distress[.]" (*Id.* ¶ 146.)

**II.     Discussion**

    **A.     Legal Standard**

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

"A complaint need not contain 'detailed factual allegations.' But it must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *LM Ins. Corp. v. Criss for Estate of Szuhay*, 716 F. App'x 530, 533 (6th Cir. 2017) (first quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); and then *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Mere labels . . . are not enough." *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). The Court "need not accept legal conclusions in the complaint as being true[,]" *Eye Ctrs. of Am., LLC v. Series Protected Cell 1, a Series of Oxford Ins. Co. TN, LLC*, No. 22-5138, 2022 WL 13983763, at *2 (6th Cir. Oct. 24, 2022) (citing *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020)), unless the complaint has "supported [them] with

3

enough pleaded facts[.]" *Bates*, 958 F.3d at 480. Nor should a court accept as true "a legal conclusion couched as a factual allegation." *Rondigo, L.L.C. v. Town of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . , its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984).

### B. Plaintiff's ADEA and Title VII Claims Regarding Her Demotion

USRC argues that DeCarlo's ADEA and Title VII claims regarding her August 23, 2021, demotion are time-barred. (Doc. No. 19-1 (Memorandum in Support), at 3.[2]) DeCarlo contends that these claims are not time-barred because: (1) the charge she filed on September 21, 2022, relates back to an inquiry she made in June 2022, making the entire charge timely (Doc. No. 20, at 4–5); and (2) her demotion was "part of an ongoing series of discriminatory acts," rather than a "separate, discrete act." (*Id.* at 8.)

To pursue a claim under the ADEA or Title VII, a plaintiff must timely exhaust her administrative remedies. *Joishy v. Cleveland Clinic Found.*, 3 F. App'x 259, 261 (6th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626). For Title VII claims for which the charging party "has initially instituted proceedings with a State or local agency[,]" as DeCarlo did here (*see* Doc. No. 6 ¶ 15), the party must file a charge of discrimination within 300 days of an alleged act

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

4

of discrimination. 42 U.S.C. § 2000e-5(e)(1). The same time limit applies to ADEA claims. 29 U.S.C. § 626(d)(1)(B).

In the Sixth Circuit, submitting a pre-charge inquiry with the EEOC does not qualify as filing a charge. *Kindred v. Memphis Light, Gas and Water*, No. 22-5360, 2023 WL 3158951, at *5 (6th Cir. Feb. 27, 2023). Indeed, this is so because *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 405, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008), cited by the court in *Kindred*, requires a plaintiff to complete a written form that "requests action against the employer" in order to file a charge. In *Kindred*, the Sixth Circuit held that a "pre-charge inquiry form does not constitute a charge because it does not satisfy *Holowecki*'s requirement that it objectively demonstrate that [the employee] asked the EEOC to take remedial action." *Kindred*, 2023 WL 3158951, at *5. The court in *Kindred* noted that each page of the inquiry form stated in bold, "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION." *Id.* at *5. It further emphasized that the form explained to employees that its purpose was merely to "assist you and determine if your concerns are covered by the employment discrimination laws." *Id.*

Additionally, a claim regarding a demotion cannot be made timely by pleading it as part of a series of acts that constitute a hostile work environment. As USRC correctly notes, the Sixth Circuit in *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1015 (6th Cir. 2022), described a "demotion" as a "tangible employment injury" that is distinguishable from the types of acts that make up hostile work environment claims. (Doc. No. 22, at 4.)

According to the amended complaint, DeCarlo was demoted on August 23, 2021. (Doc. No. 6 ¶ 3). This event cannot be considered part of a hostile work environment claim because it is a discrete act that can form an age discrimination claim on its own, while the types of acts that make up hostile work environment claims cannot form a claim on their own. *Nat'l R.R. Passenger*

5

*Corp. v. Morgan*, 536 U.S. 101, 114–15, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Therefore, its timeliness depends solely on the date DeCarlo filed a charge. DeCarlo filed a charge on September 21, 2022. (Doc. No. 19-1, at 3.) In her amended complaint, DeCarlo concedes that the inquiry she submitted in June 2022 merely "provided the EEOC with basic information" so that it could "evaluate her complaint and [] determine if the EEOC could assist her." (Doc. No. 6 ¶ 50.) She did not "objectively demonstrate that she asked the EEOC to take remedial action" in June 2022. *See Kindred*, 2023 WL 3158951, at *5. Therefore, claims related to acts predating November 25, 2021, including her demotion, are time-barred.

The cases DeCarlo cites do not change this result. Regarding her first argument as to why these claims are not time-barred, DeCarlo contends that the day she submitted an inquiry to the EEOC in June 2022 should be recognized as the date "when the charge was first received" for the purposes of her claims. (Doc. No. 20, at 5.) To support her contention, DeCarlo relies on *Equal Emp't Opportunity Comm'n v. Vantage Energy Servs.*, 954 F.3d 749, 756 (5th Cir. 2020), which held that an intake questionnaire can qualify as a charge. *Vantage Energy* is unavailing for at least two reasons. First, and most importantly, it is the law of the Fifth Circuit, not the Sixth Circuit. As discussed above, the law of the Sixth Circuit demands a different outcome. This alone is sufficient to dispense with DeCarlo's argument. Second, *Vantage Energy* is distinguishable because the form completed by the plaintiff in that case was a *questionnaire*, whereas DeCarlo merely completed an inquiry. The relevant difference between an intake questionnaire and an inquiry is that an intake questionnaire allows an employee to check a box indicating that she wants "to file a charge of discrimination." *Vantage*, 954 F.3d at 752. Therefore, the intake questionnaire can fulfill *Holowecki*'s requirement that a charge "requests action against the employer." *Holowecki*, 552

U.S. at 405. An inquiry, on the other hand, does not prompt the employee to request that the EEOC take action. *See Kindred*, 2023 WL 3158951, at *5.

As to DeCarlo's second argument for why these claims are not time-barred, she asserts that her demotion is pled "as part of an ongoing series of discriminatory acts, not as a separate, discrete act." (Doc. No. 20, at 8.) In support of this argument, DeCarlo cites *Morgan*, 536 U.S. at 115, in which the Supreme Court explained that in hostile work environment claims, the employer's unlawful conduct "cannot be said to occur on any particular day," but rather "occurs over a series of days or perhaps years." A closer look at *Morgan*, and Sixth Circuit precedent interpreting it, however, makes clear that DeCarlo cannot rely on *Morgan* to support her position. USRC correctly notes that *Morgan* defines "discrete acts" as acts that are "easy to identify" and could each constitute a separate "unlawful employment action," whereas "a single act of harassment [contributing to a hostile work environment claim] may not be actionable on its own." (Doc. No. 22, at 4 (citing *Morgan*, 536 U.S. at 114–15).) Furthermore, the court in *Bannister* explained that "[i]n the Title VII context, the Supreme Court has made clear that the [continuing-violation doctrine discussed in *Morgan*] cannot render timely a discrete act of discrimination (such as a termination) that is cognizable apart from any hostile work environment." 49 F.4th at 1015–16 (citing *Morgan*, 536 U.S. at 111–13). Because DeCarlo's demotion constituted a "discrete act of discrimination," any claims regarding this action cannot be considered timely under a hostile work environment theory. *See Morgan*, 536 U.S. at 105.

### C. Plaintiff's Negligent Infliction of Emotional Distress Claim

USRC asserts that DeCarlo cannot maintain a claim for negligent infliction of emotional distress as a result of age discrimination because, in Ohio, such claims are limited to cases in which the plaintiff witnessed or experienced a dangerous accident and/or was in physical peril. (Doc. No.

7

19-1, at 3 (citing *Meek v. Solze*, No. OT-05-055, 2006 WL 3690900, at *3 (Ohio Ct. App. Dec. 15, 2006).) In response, DeCarlo argues that "Ohio courts have recognized that a claim for negligent infliction of emotional distress may be available in the employment context where the employer's conduct is so outrageous and extreme that it goes beyond all possible bounds of decency and can be considered atrocious and utterly intolerable in a civilized community." (Doc. No. 20, at 9 (citing *Ashcroft v. Mt. Sinai Med. Ctr.*, 588 N.E.2d 280, 284 (Ohio Ct. App. 1990).)

Ohio law generally "do[es] not recognize a separate tort for negligent infliction of emotional distress in the employment context." *Hatlestad v. Consol. Rail Corp.*, 598 N.E.2d 1302, 1307 (Ohio Ct. App. 1991). Rather, physical peril is typically required for negligent infliction of emotional distress claims in Ohio, and this element is often lacking in the employment context. *See Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 329 (Ohio 1997). DeCarlo alleges no physical peril, but rather only typical employment actions such as a demotion and a termination. (*See* Doc. No. 6 ¶¶ 3–5). Therefore, she cannot proceed with her negligent infliction of emotional distress claim under the facts as alleged.[3]

### III. Conclusion

For the reasons set forth above, USRC's motion for judgment on the pleadings (Doc. No. 19) is **granted**. DeCarlo's Title VII and ADEA claims regarding her demotion and her negligent infliction of emotional distress claim are dismissed.

---

[3] DeCarlo's citation to *Ashcroft* (*see* Doc. No. 20, at 9) does not change this result. For one, it provides the wrong standard, giving the necessary elements for a claim for *intentional* infliction of emotional distress, which include "extreme and outrageous" conduct, 588 N.E.2d at 284, rather than *negligent* infliction of emotional distress. Additionally, *Ashcroft* does not create an exception to the rule that physical peril is typically required for negligent infliction of emotional distress claims (*see Kulch*, 677 N.E.2d at 329). While the court in *Ashcroft* did not indicate that negligent infliction of emotional distress claims for workplace conduct are necessarily barred (*see* 588 N.E.2d at 284), *Ashcroft* does not support DeCarlo's argument that such a claim can proceed in this case. The instant case is distinguishable from *Ashcroft* because the plaintiff in *Ashcroft* arguably had been placed in physical peril when she was detained by security guards at her workplace. *Ashcroft*, 588 N.E.2d at 363.

**IT IS SO ORDERED**.

Dated: September 28, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**